FRANCIS M. JOHNSON

*vs.*

THOMAS MCGINLY and others.

Penobscot.    Opinion October 25, 1884.

*Poor debtor.   Justice de facto.*

The disclosure of a poor debtor is not absolutely void because one of the persons selected to hear it had, subsequent to the date of his qualification as a trial justice, held the incompatible office of constable.

ON REPORT.

Debt on poor debtor's bond.    During the life of the bond the debtor disclosed and was discharged as a poor debtor.    No question was made as to the regularity of these proceedings.    John Estes was chosen by the debtor as his magistrate and he acted as such. He was at the time holding a commission as trial justice to which office he was appointed, and qualified prior to 1881, for Penobscot county.    In 1881 and 1882, he was chosen a constable in the town of Lincoln, and in each instance was sworn and qualified and gave bond as such, and acted as such, and was so acting in 1882, when the disclosure was made.    If because of disqualification of Mr. Estes, the discharge of the poor debtor was void, the report provided that the defendants should be defaulted, otherwise the plaintiff was to be nonsuited.

*W. C. Clark*, for the plaintiff, cited: R. S., c. 113, § 24; Constitution, Art. 3, § 2; 3 Maine, 484; 64 Maine, 195; 49 Maine, 16; 61 Maine, 31; 66 Maine, 482; 24 Maine, 166; 33 Maine, 414; 39 Maine, 465; 42 Maine, 327; 49 Maine, 412; 35 Maine, 129.

*A. W. Weatherbee*, for the defendants.

VIRGIN, J.   The disclosure of a poor debtor is not necessarily void as being made *coram non judice*, although one of the justices chosen to hear it had, at the time, ceased to be an officer *de jure*.

Mr. Estes, chosen by the debtor, held a commission of trial justice and had been duly qualified under it. The disclosure took place within seven years of the date of his commission. He acted under a regular appointment and qualification, no question of his official character being suggested to, or occurring to either party at the time.

Nor did the fact that, subsequent to his appointment and qualification as a justice and before the making of the disclosure, his election and qualification as a constable, render the disclosure void. To be sure he ceased to be a justice *de jure*, when he qualified as a constable. *Stubbs* v. *Lee*, 64 Maine, 195; *Pooler* v. *Reed*, 73 Maine, 129. So would he have ceased to be a justice *de jure*, had his commission expired by limitation. But that fact alone would not have rendered his subsequent acts done *colore officii*, void so far as the public or third persons interested therein, are concerned. *Brown* v. *Lunt*, 37 Maine, 423. For as to all others save himself his subsequent acts are those of an officer *de facto*; and the acts of an officer *de facto*, performed by virtue of his office are as valid as to all other persons as if he were an officer *de jure*; and they cannot be called in question in any suit to which he is not a party. *Brown* v. *Lunt, supra; Belfast* v. *Morrill*, 65 Maine, 580; *Petersilea* v. *Stone*, 119 Mass. 465; *State* v. *Carroll*, 38 Conn. 449.

Our opinion is that Estes' acts were those of an officer *de facto*, and that the tribunal organized to hear, and did hear the disclosure of the principal defendant had jurisdiction; and consequently, under the stipulation in the report, the entry must be,

*Plaintiff nonsuit.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.